Filed 1/5/21  P. v. Richardson CA4/2
See Concurring Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075502 |
| v. | (Super.Ct.No. RIF092771) |
| MARQUISE ROSS RICHARDSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. David A. Gunn, Judge. Affirmed.

Marquise Ross Richardson, in propria persona; and Kimberly J. Grove, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

A jury convicted Marquise Ross Richardson of first degree murder, a conviction we affirmed on direct appeal.[1] In 2020 he filed a petition for resentencing under Penal Code section 1170.95. Richardson appeals the trial courts denial of his petition, and we affirm because the evidence shows he was convicted of committing the murder himself, which makes him ineligible as a matter of law.

I

FACTS

On August 1, 2000, Richardson entered a store to cash a check that did not belong to him. The victim, an elderly woman, was working behind the counter. The victim refused to cash Richardson's check. Richardson asked to see the check, and the victim refused. Richardson then reached over the counter to grab the check and ran out of the store. The victim followed him and attempted to get the check back, and Richardson punched her in the face. She fell to the ground and Richardson left in his car. Police found the victim unresponsive but alive. An ambulance took her to the hospital where she died of her injuries.[2]

---

[1] On the court's own motion, we take judicial notice of our prior nonpublished opinion in Richardson's case, *People v. Richardson* (April 14, 2003, E031429) (*Richardson I*).  (Evid. Code, § 450, 452.)

[2] We summarize and take the facts from our nonpublished opinion affirming Richardson's conviction which is part of the record on appeal in this case. (*Richardson I*, *supra*, E031429.)

A jury convicted Richardson of first degree murder. The trial court sentenced him to 25 years to life. Richardson appealed, and in 2003 this court affirmed his conviction. (*Richardson I*, *supra*, E031429.)

In June 2020, Richardson filed a petition for resentencing under recently enacted Penal Code section 1170.95 which included both the form petition, Richardson's declaration, and an additional motion requesting the court take judicial notice of the decision in Richardson's direct appeal. The court set a status conference on the petition. At the status conference, the People argued Richardson was the actual killer. The trial court agreed and denied the petition on that basis.

Richardson timely appealed.

II

ANALYSIS

On Richardson's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring she found no arguably meritorious issues to appeal, setting out a statement of the case and a summary of the facts, and asking us to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

A.  Availability of Plenary Review Under *Anders/Wende*

"[T]he constitutional right to assistance of counsel entitles an indigent defendant to independent review by the Court of Appeal when counsel is unable to identify any arguable issue on appeal." (*People v. Kelly* (2006) 40 Cal.4th 106, 119.) This type of review—often called *Anders/Wende* review after *Anders v. California* (1967) 386 U.S.

738 and *Wende*, *supra*, 25 Cal.3d 436—applies only when a defendant has a constitutional right to counsel, which extends only to the first appeal of right. (*People v. Kelly*, at p. 119; *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555.) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional, and a defendant doesn't have a right to *Wende* review in such an appeal. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537 (*Ben C.*); *Pennsylvania v. Finley*, at pp. 555-556.) Denial of a petition under Penal Code section 1170.95 is an order after judgment affecting a defendant's substantial rights. (*People v. Larios* (2019) 42 Cal.App.5th 956, 961, review granted Feb. 26, 2020, S259983.) Therefore, Richardson is not entitled to *Anders/Wende* review in this appeal.

Where appointed counsel on appeal is unable to identify an arguable issue, and a defendant does not have a right to *Anders/Wende* review, counsel should "(1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law. Such a brief will provide an adequate basis for the court to dismiss the appeal on its own motion. Upon receipt of the brief from counsel, the court will inform defendant of his right to file a supplemental brief. The court will then either retain the appeal or dismiss it on our own motion." (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) If the defendant files a supplemental brief, we will address the issues raised but need not conduct a full independent *Anders/Wende* review of the record to identify viable issues defendant did not raise. If the defendant

4

doesn't file a supplemental brief, we may dismiss the appeal as abandoned. (*People v. Serrano*, at pp. 503-504; see *Ben C*., *supra*, 40 Cal.4th at p. 544.)

Here, after appellate counsel filed a brief notifying us Richardson's appeal presented no arguable issues, we offered Richardson an opportunity to file a personal supplemental brief, and he did so. We will therefore address his arguments.

B.  Eligibility for Relief under Penal Code Section 1170.95

Richardson argues that prior courts made explicit findings that he did not act with malice aforethought or reckless disregard for human life, and that he was prosecuted for first degree murder strictly under a felony-murder theory—that is, that the only theory of guilt for murder was that his victim died during the commission of either a robbery or burglary. Richardson argues that because of this, he is eligible for relief under newly enacted Penal Code section 1170.95.[3]

In 2018, the Legislature passed Senate Bill No. 1437 (Senate Bill 1437), effective January 1, 2019, which amended the definition of felony murder in Penal Code section 189 and eliminated liability for murder under a natural and probable consequences theory. Under the new law, "[a] participant in the perpetration or attempted perpetration of a felony . . . in which a death occurs is liable for murder only if," they were the actual killer, "[t]he person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the

_____

[3] Richardson's supplemental brief also informally asks us to take judicial notice of the record from his first appeal and contains citations which we assume refer to that record. We decline to take judicial notice of the record because, as explained below, even taking Richardson's representations about the record as true he would still not prevail.

actual killer in the commission of murder in the first degree," or "[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life." (Pen. Code, § 189, subd. (e)(1)-(3).) Senate Bill 1437 also added Penal Code section 1170.95, which allows "[a] person convicted of felony murder or murder under a natural and probable consequences theory," to "file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (Pen. Code, § 1170.95, subd. (a); Stats. 2018, ch. 1015, § 4.)

Here, the record shows Richardson does not fall within the provisions of Penal Code section 1170.95 because he was the actual killer. Richardson punched the victim, and the victim died from her injuries. There were no other participants in the victim's death. Though Richardson correctly and eloquently argues that Senate Bill 1437's changes to the law radically altered when implied or imputed malice may be used to sustain a murder conviction, it also carved out an exception for actual killers regardless of their intent. Here, though Richardson makes a compelling case (and may even have a prior finding) that he lacked the requisite malice or reckless disregard for human life required to convict him of murder under a different theory, he would still be guilty of murder even under the amended felony-murder rule that exists today.

In response, Richardson points to Penal Code section 1170.95, subdivision (d)(2), which states in part that "[i]f there were a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major

6

participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." Richardson argues this means that a Penal Code section 1170.95 petition must be granted anytime there is a previous finding that a petitioner did not act with reckless indifference. Richardson then provides a quote from a record, presumably the record from his first appeal, which purportedly shows a prior finding that the evidence was insufficient to show Richardson acted with malice or with "a conscious disregard to life."

However, even assuming there was such a finding, Richardson would still not be eligible for relief. Richardson's citation of Penal Code section 1170.95, subdivision (d)(2), ignores the context of that provision. Penal Code section 1170.95, subdivision (d), concerns the procedures a trial court must follow after it has already found that a petition makes a prima facie showing for relief, has issued an order to show cause, and is prepared to hold a hearing on the merits of the petition. Indeed, the sentence immediately preceding the sentence Richardson quotes states, "[t]he parties may waive a resentencing hearing and stipulate that the petitioner is eligible to have his or her murder conviction vacated and for resentencing." (Pen. Code, § 1170.95, subd. (d)(2).) Given this context, it is clear the requirement to vacate a conviction where prior courts have found no reckless indifference only applies once the trial court has satisfied itself that the petitioner is otherwise eligible for relief. The sentence Richardson quotes is intended to avoid an unnecessary hearing, not to short-circuit eligibility determinations.

Since Penal Code section 1170.95 does not offer relief to actual killers, regardless of the theory of guilt, Richardson is not eligible for relief as a matter of law.

III

DISPOSITION

We affirm the order denying Richardson's petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH

J.

I concur:


RAPHAEL

J.

[*People v. Richardson*; E075502]

Ramirez, P. J., Concurring.

In the interests of justice, I conducted a full independent review of the record in keeping with *People v. Kelly* (2006) 40 Cal.4th 106, 119.  I concur in affirming the judgment.

RAMIREZ_____
P. J.

1